FILED
2018 NOV -1 PM 2:31
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PETER MICHNO, <br><br> Defendant. | SA CR No. 18- 00234-JLS <br><br> I N D I C T M E N T <br><br> [18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud Involving Deprivation of Honest Services] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

A. INTRODUCTORY ALLEGATIONS

1. At all relevant times:

   a. The Federal National Mortgage Association ("Fannie Mae") was a private corporation, under conservatorship by the Federal Housing Finance Agency, and doing business in Irvine, California, within the Central District of California, and elsewhere. In the ordinary course of its business, Fannie Mae acquired residential properties through foreclosure and other transfers to Fannie Mae, and

Fannie Mae then sold those properties, commonly referred to as Fannie Mae Real Estate Owned or REO properties, into the market.

　　　　b.　Defendant PETER MICHNO ("MICHNO") was a broker approved to list Fannie Mae REO properties for sale. Defendant MICHNO was entitled to receive a commission from the sale of REO properties as compensation for his services. As a Fannie Mae-approved real estate broker, defendant MICHNO was not authorized to purchase Fannie Mae REO properties for himself or for his friends, relatives, and associates. Defendant MICHNO was also not permitted to pay referral fees, bribes, or kickbacks to Fannie Mae employees in exchange for listing opportunities or approval of below-market sales.

　　2.　Shirene Hernandez ("Hernandez") was employed by Fannie Mae in Irvine, California, in the Central District of California, as a Real Estate Owned Foreclosure Specialist and Sales Representative. Hernandez was responsible for, among other things, assigning Fannie Mae REO property listings to approved brokers and approving sales offers submitted by the brokers for the sale of Fannie Mae REO properties. Hernandez was not permitted to receive referral fees, bribes, or kickbacks in exchange for assigning listings or approving below-market sales.

B.　THE OBJECT OF THE CONSPIRACY

　　3.　Beginning in or about April 2011 and continuing through at least in or about July 2013, in Orange County, within the Central District of California, and elsewhere, defendant MICHNO, together with Hernandez, and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed with each other to commit the crime of wire fraud involving deprivation of honest services, in violation of Title 18, United States Code, Sections 1343 and 1346.

C. THE MANNER AND MEANS OF THE CONSPIRACY

4. The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

a. Hernandez would communicate to defendant MICHNO her demands for bribes and kickbacks in exchange for the assignment of listings to defendant MICHNO and the approval of below-market sales of Fannie Mae REO properties.

b. Defendant MICHNO would agree to pay bribes and kickbacks to Hernandez in exchange for the assignment of listings and the approval of below-market sales of Fannie Mae REO properties.

c. As a result of the bribes and kickbacks, Hernandez, in the performance of her official duties at Fannie Mae in Irvine, California, would assign listings to defendant MICHNO, and defendant MICHNO would earn commissions on the sale of these properties. Also as a result of these bribes and kickbacks, Hernandez, in the same capacity, would approve below-market sales of Fannie Mae REO properties to defendant MICHNO and his affiliates.

d. Defendant MICHNO would meet Hernandez in person, and send others to meet her in person, in the Central District of California, and elsewhere, to pay her cash for the negotiated bribes and kickbacks. Defendant MICHNO would also transfer Fannie Mae REO properties purchased at below-market prices to Hernandez and her affiliates, also as kickbacks for the performance of her official duties.

D. OVERT ACTS

5. On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant MICHNO, together with Hernandez, and others known and unknown to the Grand Jury,

3

committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

Overt Act No. 1: On or about April 29, 2011, defendant MICHNO, through an affiliate he controlled, purchased a property on Sunnymere Avenue in Oakland, California 94605, in a below-market transaction approved by Hernandez in exchange for a kickback.

Overt Act No. 2: On or about June 1, 2011, defendant MICHNO, through an affiliate he controlled, purchased a property on A Street in Hayward, California 94541 in a below-market transaction approved by Hernandez in exchange for a kickback.

Overt Act No. 3: On or about November 22, 2011, defendant MICHNO, through an affiliate he controlled, purchased a property on Jensen Street in Livermore, California 94550, in a below market transaction approved by Hernandez in exchange for a kickback.

Overt Act No. 4: On or about November 23, 2011, defendant MICHNO, through an affiliate he controlled, purchased a property on Clarke Avenue in Livermore, California 94551, in a below-market transaction approved by Hernandez in exchange for a kickback.

Overt Act No. 5: On or about March 30, 2012, defendant MICHNO, through an affiliate he controlled, purchased a property on Sunkist Drive in Oakland, California 94605, in a below-market transaction approved by Hernandez in exchange for a kickback.

Overt Act No. 6: On or about August 29, 2012, Hernandez, in the performance of her official duties at Fannie Mae in Irvine, California, rejected an offer of $333,000 from a bona fide purchaser for value for a Fannie Mae REO property on Vailetti Drive in Sonoma, California 95476 (the "Vailetti Property").

Overt Act No. 7: On or about September 4, 2012, Hernandez, in the performance of her official duties at Fannie Mae in Irvine, California, rejected an offer of $390,000 from a bona fide purchaser for value for the Vailetti property.

Overt Act No. 8: On or about November 30, 2012, defendant MICHNO, through an affiliate he controlled, purchased a property on El Caminito in Livermore, California 94550, in a below-market transaction approved by Hernandez in exchange for a kickback.

Overt Act No. 9: On or about March 26, 2013, defendant MICHNO, through an affiliate he controlled, purchased a property on Brookdale Court in Dublin, California 94568 (the "Brookdale Property"), in a below-market transaction approved by Hernandez in exchange for a kickback.

Overt Act No. 10: On or about March 20, 2013, Hernandez, in the performance of her official duties at Fannie Mae in Irvine, California, accepted an offer of approximately $329,900 from defendant MICHNO, through an affiliate he controlled, for the Vailetti property, for transfer to her and her affiliates, after having rejected offers of $333,000 and $390,000 for the same property.

Overt Act No. 11: On or about March 27, 2013, defendant MICHNO and Hernandez caused an interstate wire transfer to be sent in the approximate amount of $369,407 from an escrow account at Comerica Bank to Fannie Mae for the purchase of the Brookdale Property.

Overt Act No. 12: On or about May 24, 2013, defendant MICHNO and Hernandez caused an interstate wire transfer to be sent in the approximate amount of $312,257 from an escrow account at Comerica Bank to Fannie Mae for the purchase of the Vailetti Property.

Overt Act No. 13: On or about July 16, 2013, defendant MICHNO, through an affiliate he controlled, transferred the Vailetti property to Hernandez's affiliate.

COUNT TWO

[18 U.S.C. § 1349]

A. INTRODUCTORY ALLEGATIONS

6. The Grand Jury hereby repeats and realleges paragraph 1 of this Indictment, including all subparagraphs, as if fully set forth herein.

7. At all relevant times:

a. Co-conspirator no. 1 ("CC-1") was employed by Fannie Mae in Irvine, California, in the Central District of California, as a Real Estate Owned Foreclosure Specialist and Sales Representative.

b. CC-1 maintained a bank account at Wells Fargo, N.A., bearing account number ending in 1636 (the "CC-1 Bank Account").

c. CC-1 was responsible for, among other things, assigning Fannie Mae REO property listings to approved brokers and approving sales offers submitted by the brokers for the sale of Fannie Mae REO properties. CC-1 was not permitted to receive referral fees, bribes, or kickbacks in exchange for assigning listings or approving below-market sales.

B. THE OBJECT OF THE CONSPIRACY

6. Beginning in or about January 2012 and continuing through at least in or about March 2014, in Orange County, within the Central District of California, and elsewhere, defendant MICHNO, together with CC-1, and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed with each other to commit the crime of wire fraud involving deprivation of honest services, in violation of Title 18, United States Code, Sections 1343 and 1346.

C. THE MANNER AND MEANS OF THE CONSPIRACY

7. The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

a. CC-1 would communicate to defendant MICHNO demands for bribes and kickbacks in exchange for listing opportunities and approval of below-market sales of Fannie Mae REO properties.

b. Defendant MICHNO would agree to pay bribes and kickbacks to CC-1 in exchange for listing opportunities and approval of below-market sales of Fannie Mae REO properties.

c. As a result of the bribes and kickbacks, CC-1, in the performance of CC-1's official duties at Fannie Mae in Irvine, California, would assign listings to defendant MICHNO, and defendant MICHNO would earn commissions on the sale of these properties. Also as a result of these bribes and kickbacks, CC-1, in the same capacity, would approve below-market sales of Fannie Mae REO properties to defendant MICHNO and his affiliates.

d. Defendant MICHNO would meet CC-1 in person to pay CC-1 cash for the negotiated bribes and kickbacks. Defendant MICHNO would also deposit cash into the CC-1 Bank Account as payment to CC-1 for the negotiated bribes and kickbacks.

D. OVERT ACTS

8. On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant MICHNO, together with CC-1, and others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

Overt Act No. 1: On or about January 13, 2012, defendant MICHNO deposited approximately $1,300 in cash into the CC-1 Bank Account as

a kickback to CC-1 in exchange for the performance of CC-1's official duties.

Overt Act No. 2: On or about December 18, 2012, defendant MICHNO deposited approximately $650 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

Overt Act No. 3: On or about March 5, 2013, defendant MICHNO deposited approximately $1,350 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

Overt Act No. 4: On or about May 15, 2013, defendant MICHNO deposited approximately $2,150 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

Overt Act No. 5: On or about May 20, 2013, defendant MICHNO, through an affiliate he controlled, purchased a property on Cherry Hills Drive in Discovery Bay, California 94505 in a below-market transaction approved by CC-1 in exchange for a kickback.

Overt Act No. 6: On or about May 30, 2013, defendant MICHNO deposited approximately $1,854 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

Overt Act No. 7: On or about June 11, 2013, defendant MICHNO deposited approximately $1,375 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

Overt Act No. 8: On or about June 20, 2013, CC-1, in the performance of CC-1's official duties at Fannie Mae in Irvine,

California, accepted a below-market offer from defendant MICHNO, through an affiliate he controlled, of approximately $351,000 for the sale of a Fannie Mae REO property on Rosemary Lane, in Concord, California 94518 (the "Rosemary property").

<u>Overt Act No. 9</u>: On or about June 27, 2013, defendant MICHNO, through an affiliate he controlled, purchased the Rosemary property in a below-market transaction approved by CC-1 in exchange for a kickback.

<u>Overt Act No. 10</u>: On or about July 2, 2013, defendant MICHNO deposited approximately $1,000 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

<u>Overt Act No. 11</u>: On or about August 2, 2013, defendant MICHNO deposited approximately $1,850 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

<u>Overt Act No. 12</u>: On or about August 24, 2013, defendant MICHNO deposited approximately $1,425 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

<u>Overt Act No. 13</u>: On or about October 2, 2013, defendant MICHNO deposited approximately $2,125 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

<u>Overt Act No. 14</u>: On or about October 30, 2013, defendant MICHNO deposited approximately $1,525 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

Overt Act No. 15: On or about November 18, 2013, defendant MICHNO deposited approximately $985 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

Overt Act No. 16: On or about February 3, 2014, defendant MICHNO deposited approximately $1,325 in cash into the CC-1 Bank Account as a kickback to CC-1 in exchange for the performance of CC-1's official duties.

A TRUE BILL

/S/

Foreperson

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

JILL FEENEY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KERRY L. QUINN
Assistant United States Attorney
Major Frauds Section